UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNA INTERNATIONAL INC.,

      Plaintiff,

v.

ALUDYNE MONTAGUE, LLC,

      Defendant.

_____/

Case No.  5:23-cv-12494
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

## **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL (ECF No. 33)**

### I.     Introduction

This is a contract case.  Plaintiff Magna International Inc., d/b/a/ Deco Automotive (Magna), sued Aludyne Montague, LLC (Aludyne), alleging that Aludyne materially breached the parties' contract by refusing to supply certain automotive parts unless Magna paid an increased price.  *See* ECF No. 11.  Before the Court is Aludyne's motion to compel, (ECF No. 33), which has been referred to the undersigned.  (ECF No. 47).  A hearing was held on October 17, 2024, at 11 A.M., at which time the motion was taken under advisement.  (ECF No. 69).  For the reasons that follow, Aludyne's motion is GRANTED IN PART and DENIED IN PART.  Magna shall produce documents in response to Document Request Nos. 23 and 24 within thirty days of this order.  Aludyne's request to compel Magna to

1

produce a witness to provide corporate testimony regarding alternative pricing and

for attorney fees is DENIED.

II.     Background

A.     Factual Background

Magna filed its amended complaint on October 11, 2023.[1]  (ECF No. 11).  In

its complaint, Magna explains that it purchases automotive parts from Aludyne

under a "life-of-the-program requirements-contract purchase order." (*Id.*,

PageID.250).  Magna alleges that on October 28, 2022, Aludyne threatened to stop

shipments unless Magna paid a price in excess of the contract price. (*Id.*,

PageID.257-258).  In the complaint, Magna requests specific performance and

money damages, including actual, consequential, and incidental damages, cover

damages, and "amounts it has been wrongly forced to pay to secure supply." (*Id.*,

PageID.265-266).  In its answer, Aludyne argues that it had no contractual

obligation to continue supplying the parts to Magna, but it was willing to do so at

the revised price.  (ECF No. 18, PageID.559).  Aludyne countersued for breach of

contract based on Magna's alleged failure to make timely payments. (*Id.*,

PageID.561).

---

[1] Magna asserts in its complaint that the law of Ontario, Canada governs the merits
of this dispute under the choice-of-law provision in the parties' contract. (ECF No.
11, PageID.257).  However, neither of the parties have briefed Canadian law on the
issues presented by this motion.

2

In its motion to compel, Aludyne asks the Court to compel discovery of documentation regarding Magna's attempts to seek an alternate supplier in addition to the pricing of the alternate supplier that Magna ultimately found and ordered from. (ECF No. 33, PageID.839-840). Aludyne argues that this information is directly relevant to Magna's allegations and computation of damages. (*Id.*, PageID.839).

Specifically, Aludyne asks this Court to compel Magna to produce a witness to provide corporate testimony regarding the pricing of Magna's alternate supplier and to respond to Document Request Nos. 23 and 24, which state:

> **Document Request No. 23**: Produce all documents evidencing your attempts to find an alternative supplier for the Parts.
>
> **Document Request No. 24:** Produce documents evidencing your purchase of the Parts from a supplier other than Aludyne, including the number of Parts purchased and the price per Part.

(*Id.*, PageID.837, 840). Aludyne also requests that the Court grant it costs and attorney's fees associated with filing this motion to compel. (*Id.*, PageID.848).

## B.    Parties' Arguments

Aludyne argues that information regarding Magna's alternate supplier is directly relevant to "test" Magna's allegations regarding the availability of an alternative supply, as well as Magna's claims for specific performance and monetary damages (including cover damages and expenses saved). (*Id.*, PageID.839-840). Magna, on the other hand, asserts that it is no longer seeking

3

cover damages; instead, Magna asserts that it is seeking specific performance and monetary damages in the amount of the additional cost Magna had to pay for Aludyne to continue supplying the parts under the contract and the costs incurred as a result of Aludyne's failure to supply the parts *before* Magna found an alternate supplier.  (ECF No. 35, PageID.963, 970).  Magna also argues that the pricing information from its alternative supplier is confidential and not relevant to this matter.  (*Id.*, PageID.959).

### III.    Legal Framework

The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the Court.  Fed. R. Civ. P. 26(b)(1); *see also State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters, and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an

4

abuse of discretion.") (internal citation omitted).  Discovery is more liberal than

even the trial setting, as Rule 26(b) allows discovery of information that "need not

be admissible in evidence."  Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery

requests, then it may file a motion to compel.  Motions to compel are governed by

Fed. R. Civ. P. 37(a)(3)(B), which states, "A party seeking discovery may move

for an order compelling an answer, designation, production, or inspection."  If the

motion is granted, "the court must, after giving an opportunity to be heard, require

the party or deponent whose conduct necessitated the motion, the party or attorney

advising the conduct, or both to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

## IV.    Discussion

### A.    Document Request Nos. 23 and 24

Aludyne asks this Court to compel Magna to respond to Document Request

Nos. 23 and 24.  Document Request No. 23 asks Magna to "produce all documents

evidencing [Magna's] attempts to find an alternative supplier for the Parts."  (ECF

No. 33, PageID.840).  Magna says that this information is not relevant to its claims

for damages or specific performance.  However, Magna is seeking damages related

to the "costs incurred as a result of Aludyne's previous refusals to honor [Magna's]

releases *before* the second supplier was engaged."  (ECF No. 35, PageID.963)

(emphasis added).  Magna has also filed a motion for summary judgment in which it continues to seek specific performance[2] and asks that the issue of damages be set for trial.  (ECF No. 49, PageID.1275, 1285).  It is therefore relevant *when* Magna was able to secure an alternative supplier and whether it was putting forth its best effort to mitigate damages before then.  *See McCullagh v. Goodyear Tire & Rubber Co.*, 69 N.W.2d 731, 737 (Mich. 1955) (quoting *Rich v. Daily Creamery Co.*, 296 N.W. 253, 258 (Mich. 1941)) ("[I]t is a well-established rule that in case of a breach of contract the injured party must make every reasonable effort to minimize the damages suffered…").

Further, under Michigan law, specific performance is appropriate "where the goods are unique or in other proper circumstances."  Mich. Comp. Laws § 440.2716.  As the commentary to this section states, Michigan has become more liberal when it comes to specific performance in breach of contract cases.  *Id.* Requirement contracts "involving a particular or peculiarly available source or market present today the typical commercial specific performance situation, as contrasted with contracts for the sale of heirlooms or priceless works of art which were usually involved in other cases."  *Id.*  Therefore, whether Magna is entitled to specific performance depends on whether the parts are "peculiarly available,"

---

[2] At the hearing on this motion, it seemed clear that Magna will still need to look to Aludyne as a supplier in addition to the alternative supplier it has been purchasing from in China.

making Magna's attempts to find an alternate supplier relevant to whether it can receive specific performance from Aludyne.

Next, Document Request No. 24 asks Magna to "produce documents evidencing [Magna's] purchase of the Parts from a supplier other than Aludyne, including the number of Parts purchased and the price per Part." (ECF No. 33, PageID.840). Similar to Document Request No. 23, information regarding the capacity of Magna's alternative supplier is relevant to whether Magna needs to retain Aludyne as a source of supply and is therefore entitled to specific performance.

As for information regarding the pricing of Magna's alternative supplier, Aludyne argues that the price Magna pays its alternate supplier is directly relevant to Magna's claim for specific performance because it addresses whether money damages are adequate and whether the parts are unique or replaceable.[3] (ECF No. 33, PageID.845). Aludyne is correct in this assertion. The price Magna pays its alternative supplier is relevant both to whether Magna is entitled to prospective

---

[3] Aludyne also argues that pricing information is relevant to Magna's request for cover damages and to determine whether Magna has saved on any expenses as a result of the breach. (ECF No. 33, PageID.846-847). Neither of these arguments are convincing. Magna has stated that it is no longer seeking cover damages, (ECF No. 35, PageID.963), and under MCL § 440.2713, a reduction in damages for expenses saved factors into the damage calculation only for repudiation or non-delivery, neither of which applies here because Aludyne did deliver the parts, albeit at an increased price.

7

relief, i.e., whether money damages adequately redress Magna's alleged injuries, and to whether the parts are "peculiarly available."  If Magna is easily able to order the parts from the alternative supplier at a price equal to or lower than the price it was paying to Aludyne, it is less likely that Magna is entitled to specific performance on the parties' contract.  This makes the information discoverable.

Further, Magna's blanket assertion that the pricing information is confidential is not convincing.  Magna filed Aludyne's pricing information as an exhibit to its complaint, making it a matter of public knowledge and directly contradicting its assertion that this type of information is confidential.  (ECF No. 11-2, PageID.271).  Additionally, there is a protective order in place under which Magna can produce this information if necessary.  (ECF No. 24).

## B.    Deposition

Aludyne has also asked this Court to compel Magna to "produce a witness to provide corporate testimony regarding alternative pricing."  (ECF No. 33, PageID.837).  Under the above ruling, Aludyne will already have documentary evidence of the pricing of Magna's alternative supplier, and a deposition on the same point would be unnecessarily cumulative.  *See Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019) ("Other rules of discovery require a court to consider whether a Rule 30(b)(6) deposition would be cumulative, duplicative, unreasonably burdensome, and disproportionate to the needs of the

8

case.").  Aludyne has already deposed Derek Robb, Magna's Assistant General Manager, regarding Magna's alternative supplier, its capacity, and the timing of the relationship.  Another deposition solely for information on pricing would be duplicative considering that Aludyne will be getting documents in response to Document Request No. 24, as discussed above.  As such, Aludyne's request to compel Magna to produce a witness to testify about alternative pricing is denied.

## V.    Conclusion

For the reasons stated above, Aludyne's motion to compel, (ECF No. 33), is GRANTED IN PART.  Magna shall produce documents in response to Document Request Nos. 23 and 24 within twenty-one (21) days of this order.  Aludyne's request to compel Magna to produce a witness to provide corporate testimony regarding alternative pricing and for attorney fees is DENIED.

As the motion is only granted in part, Aludyne's request for costs and attorney's fees is DENIED.

SO ORDERED.

Dated: October 23, 2024                     s/Kimberly G. Altman____
Detroit, Michigan                           KIMBERLY G. ALTMAN
                                            United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 23, 2024.

<u>s/ Kristen Castaneda</u>
KRISTEN CASTANEDA
Case Manager